# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ELIZABETH BECKLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA, | ) | 1:16-cv-01435-MHC |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF ADDITIONAL MATERIAL FACTS

Plaintiff Elizabeth Beckley ("Plaintiff" or "Beckley") submits this *Statement of Additional Material,* in opposition to Defendant's Motion for Summary Judgment, as follows:

1. The sidewalks at the intersection of Martin Luther King, Jr. Blvd. and Centennial Olympic Park Drive in downtown Atlanta are not compliant with the Americans with Disabilities Act. (Attachment 7, Defendant's Responses to Plaintiff's Requests for Admissions at ¶ 10).

2. The City does not have a written process for soliciting and receiving input from persons with disabilities regarding the accessibility of

its sidewalks. (Id. at ¶ 7; see also (Deposition of Lawrence Jeter ("Jeter Dep.") at 22:20-23:16)

3. The City also promised that it would report to the Department of Justice all streets, roads, and highways that have been constructed or altered since January 26, 1992, for purposes of ADA compliance verification, but it did not. (See Attachment 6 (Defendant's Responses to Plaintiff's First Requests for Production of Documents) at ¶ 4 (in response to request for these reports, stating "after conducting an extensive search, it has not located documents responsive to this Request.")

4. The City of Atlanta is responsible for maintaining the sidewalks at the intersections of Martin Luther King, Jr. Blvd. and Centennial Olympic Park Drive in downtown Atlanta. (Id. at ¶ 1).

5. Alternatives to curb ramps can be used to make the intersection of MLK and Centennial accessible without requiring a ramp to be cut into the existing concrete structure. (ADA Best Practices Tool Kit for State and Local Governments, Chapter 6, "Curb Ramps and Pedestrian Crossings Under Title II of the ADA." Section (F)(3) (Attachment 4) (available at https://www.ada.gov/pcatoolkit/chap6toolkit.htm)

6. One "potential solution is to raise the entire street grade at the intersection to make the sidewalk elevation flush with the street elevation,

thus eliminating the spatial needs for curb ramps." (United States Access Board[1] Special Report: Accessible Public Rights-of-Way Planning and Design for Alterations, August 2007, Chapter 4, Attachment 5) (available at https://www.access-board.gov/guidelines-and-standards/streets-sidewalks/public-rights-of-way/guidance-and-research/accessible-public-rights-of-way-planning-and-design-for-alterations/chapter-4%E2%80%94design-solutions).

Respectfully submitted, this May 19, 2017.

/s/ James Radford
James Radford
Georgia Bar No. 108007
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0302
james@decaturlegal.com
*Counsel for Plaintiff*

---

[1] "The Access Board is an independent federal agency that promotes equality for people with disabilities through leadership in accessible design and the development of accessibility guidelines and standards." (see https://www.access-board.gov/the-board). Although this Report is not law, it is evidence from which the finder of fact could determine that there are practical alternatives to make the intersection in question accessible to persons with disabilities).

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES

This pleading was written in Century Schoolbook 13-point font in compliance with the local rules for the U.S. District Court for the Northern District of Georgia.

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I have this day served upon the attorneys of record the foregoing pleading by filing same with the Court's CM/ECF system.

Respectfully submitted, this May 19, 2017

/s/ James Radford
James Radford
Georgia Bar No. 108007