UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELIZABETH BECKLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-01435-MHC ) |
| CITY OF ATLANTA, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant CITY OF ATLANTA (the "City"), by its counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

The City makes the following objections to Plaintiff's First Requests for Production of Documents. These objections apply to all responses made by the City to Plaintiff's specific Requests, to the extent necessary and applicable, as if specifically made within the particular response to the applicable Request. The City's failure to include any general objection within a response to a specific

Request does not constitute a waiver of that particular objection. It is the City's intention to provide responses to all Requests. In no event will the City provide to Plaintiff responses that are exempt from discovery, that are not relevant to the subject matter of this lawsuit, or that are not likely to lead to relevant discoverable evidence.

1.

The City objects to Plaintiff's First Requests for Production of Documents to the extent that they, or any instructions or definitions contained in the Requests purport to impose obligations upon the City in excess of, in addition to, or not contained within the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

2.

The City objects to Plaintiff's First Requests for Production of Documents to the extent that they seek information which is protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or any other confidential or evidentiary privilege doctrine.

3.

The City objects to Plaintiff's First Requests for Production of Documents to the extent that they seek to obtain information unrelated to the subject matter of

this lawsuit in that such Requests are overly broad, unduly burdensome, and unlikely to lead to any evidence relevant to the subject matter of this lawsuit.

4.

The City objects to Plaintiff's First Requests for Production of Documents to the extent that they seek to discover information beyond the permissible scope of discovery contemplated by the Federal Rules of Civil Procedure.

5.

The City objects to the definitions and instructions of Plaintiff's First Requests for Production of Documents to the extent that they impose upon the City obligations not required under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

6.

The City objects to Plaintiff's First Requests for Production of Documents to the extent that they or any instructions or definitions contained in the Requests require the City to reduce the substance of verbal communications into a written format.

7.

The City objects to Plaintiff's First Requests for Production of Documents to the extent Plaintiff seeks information and/or documents regarding the "knowledge"

or "awareness" of the City on the grounds that the City is a municipal corporation and, as a jural entity, has knowledge or awareness only through its employees or agents. The City will answer any such Request that seeks municipal "knowledge" based on information communicated through its chain of authority to the level of a current commissioner or deputy commissioner of a department and/or based on documents maintained in appropriate files during the applicable period of retention of municipal records.

## **REQUESTS**

**REQUEST NO. 1:**

Produce the City's written process for soliciting and receiving input from persons with disabilities regarding the accessibility of its sidewalks, as required by the City's 2009 Settlement Agreement by the U.S. Department of Justice ("2009 Settlement").

**RESPONSE:**

In response to Request No. 1, the City produces documents labeled as Beckley-COA 000145-147.

**REQUEST NO. 2:**

Produce all requests for installation of sidewalk curb ramps or other sidewalk accessibility accommodations received by the City since the execution of the 2009 Settlement.

**RESPONSE:**

In response to Request No. 2, the City produces documents labeled as Beckley-COA 000049-69.

**REQUEST NO. 3:**

Produce all documentation or accommodations made in response to requests for installation of sidewalk curb ramps or other sidewalk accessibility accommodations received by the City since the execution of the 2009 Settlement.

**RESPONSE:**

In response to Request No. 3, the City produces documents labeled as Beckley-COA 000049-69.

**REQUEST NO. 4:**

Produce all reports to the Department of Justice of all streets, roads, and highways that have been constructed or altered since January 26, 1992, as required by the 2009 Settlement.

**RESPONSE:**

In response to Request No. 4, the City states that after conducting an extensive search, it has not located documents responsive to this Request.

**REQUEST NO. 5:**

Produce all records of the installation of curb ramps or other sloped areas on sidewalks for areas identified in compliance with the 2009 Settlement.

**RESPONSE:**

In response to Request No. 5, the City produces thumb drives labeled as Beckley-COA Drives 1-5.

**REQUEST NO. 6:**

Produce all records of construction, repairs, including repaving, of surfaces or sidewalks on or within 100 yards of the intersection of Martin Luther King Blvd. and Centennial Olympic Park Drive in Atlanta, Georgia from January 26, 1992 until the present day.

**RESPONSE:**

In response to Request No. 6, the City produces thumb drives labeled as Beckley-COA Drives 1-5.

**REQUEST NO. 7:**

Produce all documents whereby the City identified to the Department of Justice all street level pedestrian walkways that have been constructed or altered since January 26, 1992, as required by the 2009 Settlement.

**RESPONSE:**

In response to Request No. 7, the City states that after conducting an extensive search, it has not located documents responsive to this Request.

**REQUEST NO. 8:**

Produce all records of the City providing curb ramps or other sloped areas at walkways identified to the Department of Justice in compliance with the 2009 Settlement.

**RESPONSE:**

In response to Request No. 8, the City produces thumb drives labeled as Beckley-COA Drives 1-5.

**REQUEST NO. 9:**

Produce all records, including memoranda, letters, emails, press releases, contracts, and proposals, regarding the construction or repairing of roads or sidewalks in the City of Atlanta for 1996 Olympic Games.

**RESPONSE:**

In response to Request No. 9, the City states that after conducting an extensive search, it has not located documents responsive to this Request.

**REQUEST NO. 10:**

Produce all communications, including letters, emails in their original electronic form, and memoranda, concerning the factual allegations or claims at issue in this lawsuit, including, but not limited to the condition of the intersections and sidewalks described in Plaintiff's Complaint, among or between any employees, agents, and/or officials of the City of Atlanta.

**RESPONSE:**

In response to Request No. 10, the City produces thumb drives labeled as Beckley-COA Drives 1-5.

**REQUEST NO. 11:**

Produce any and all documents relied upon in, or related to, designing and/or constructing the intersections and sidewalks described in Plaintiff's Complaint.

**RESPONSE:**

In response to Request No. 11, the City produces documents labeled as Beckley-COA 000252-259.

**REQUEST NO. 12:**

Produce all City of Atlanta laws, rules, policies, handbooks, standard operating procedures, and/or any other formal or informal document concerning or related to maintaining ADA compliance in places of public accommodation within the City of Atlanta.

**RESPONSE:**

In response to Request No. 12, the City produces documents labeled as Beckley-COA 000001-48, Beckley-COA 000148-233, and Beckley-COA 000249-251.

**REQUEST NO. 13:**

Produce any and all complaints received by, or communicated to, the City of Atlanta, whether verbal or written, about the condition, ADA compliance, or safety of the specific intersections and sidewalks described in Plaintiff's Complaint.

**RESPONSE:**

In response to Request No. 13, the City produces documents labeled as Beckley-COA 000049-69.

**REQUEST NO. 14:**

Produce all documents identified, related to, or referenced in Defendant's responses to Plaintiff's interrogatories.

**RESPONSE:**

In response to Request No. 14, the City produces documents labeled as Beckley-COA 000001-144.

**REQUEST NO. 15:**

Produce all documents identified in the Defendant's initial disclosures.

**RESPONSE:**

In response to Request No. 15, the City states that the parties have yet to exchange Initial Disclosures; however, the City identifies all documents produced in response to Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Production of Documents to Defendant as responsive to this Request.

**REQUEST NO. 16:**

Produce all documents that the Defendant contemplates using as evidence at trial in this matter.

**RESPONSE:**

In response to Request No. 16, the City states that it does not know which documents it will introduce at trial and further states that it reserves the right to supplement its response to this Request.

**REQUEST NO. 17:**

Produce all documents that the Defendant contemplates using as deposition exhibits in this matter.

**RESPONSE:**

In response to Request No. 17, the City produces documents labeled as Beckley-COA 000234-248.

**REQUEST NO. 18:**

Produce all documents received by the Defendant in response to third party subpoenas.

**RESPONSE:**

In response to Request No. 18, the City states that it has not served subpoenas on any third parties and thus has not received any responses to same.

**REQUEST NO. 19:**

Produce a copy of any insurance policy that may cover liability or cost of defense related to the instant claims.

**RESPONSE:**

In response to Request No. 19, the City states that there is no such insurance policy.

Respectfully submitted,

/s/ Anissa D. Floyd
Anissa D. Floyd
Georgia Bar No. 141747


CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Ave., S.W., Suite 5000
Atlanta, Georgia 30303-3520
Telephone: (404) 546-4155
Facsimile: (404) 979-7649
Email: adfloyd@atlantaga.gov

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELIZABETH BECKLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ATLANTA, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:16-cv-01435-MHC |

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2017, I served a true and correct copy of DEFENDANT'S REPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS on counsel of record by electronic mail and by causing a copy of the same to be placed in the United States mail with adequate postage affixed thereto and addressed as follows:

> James Radford, Esq.
> Radford & Keebaugh, LLC
> 315 W. Ponce de Leon Ave., Suite 1080
> Decatur, Georgia 30030

> /s/ *Anissa D. Floyd*
> Anissa D. Floyd
> Counsel for Defendant