# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ELIZABETH BECKLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA, | ) | 1:16-cv-01435-MHC |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SURREPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Elizabeth Beckley ("Plaintiff" or "Mrs. Beckley") files this proposed surreply brief in opposition to Defendant City of Atlanta's ("Defendant" or the "City") motion for summary judgment as follows:

In her brief opposing the City's summary judgment motion, Mrs. Beckley submitted two government publications that present alternatives to traditional "curb cut" ramps for sidewalk accessibility. [Doc. 36 at 18-19]. The purpose of the exhibits was to show that there exist, in the world of accessible design, alternatives that would not require rebuilding the entire bridge, as the City contends would be necessary to install curb cuts. Ms. Beckley cited

to an "ADA Toolkit" chapter in a publication by the Department of Justice's Civil Rights Division [Doc. 36-4] and a publication by the United States Access Board, an independent federal agency charged with advancing the rights of disabled people through the development of accessibility guidelines and standards [Doc. 36-5].

In its reply, the City has cast these publications as "internet hearsay" and asked the Court not to consider them. [Doc. 38 at 2-4]. That is a mischaracterization.

A district court may take judicial notice of public records. Universal Express, Inc. v. U.S. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006). "The Court is permitted to take judicial notice of documents made publicly available by a government entity." Henderson v. Sun Pharm. Indus., Ltd., 809 F. Supp. 2d 1373, 1379 n.4 (N.D. Ga. 2011). Furthermore, the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); see also Lamers Dairy Inc. v. USDA, 379 F.3d 466, 471 n. 8 (7th Cir.2004) ("This court may take judicial notice of reports of administrative bodies."); In re Wellbutrin SR/Zyban Antitrust Litigation, 281 F.Supp.2d 751,

754 (E.D.Pa.2003) (taking judicial notice of FDA report posted on the official FDA website).

Far from being "hearsay from the internet," both exhibits submitted by Mrs. Beckley are government publications contained on reliable government websites. The "ADA Toolkit" document is published on [ada.gov](ada.gov) by the Civil Rights Division of the Department of Justice as a practical guide to assist public entities to enact the provisions of the Americans with Disabilities Act. (See [Doc. 36-4] at 1). The "Design Solutions" document [Doc 36-5] is published by the Access Board, which is an independent federal agency established in 1973 along with the implementation with the Rehabilitation Act, charged specifically with developing accessibility standards for architecture. ("History of the Access Board," last accessed June 5, 2017, [https://www.access-board.gov/the-board/board-history](https://www.access-board.gov/the-board/board-history)). These are reliable government publications that this Court may consider for the question of whether the City has met its burden to show that it would pose an insurmountable, or even undue, burden to make the intersection in question accessible.

The City further argues that, even if the publications were considered, they are not enough for Mrs. Beckley to "[raise] a genuine issue of material fact with respect to the City's undue burden defense under the ADA." [Doc.

38 at 5]. First, this statement assumes, incorrectly, that the "undue burden" defense applies to Mrs. Beckley's claims under the Rehabilitation Act. Second, this statement by the City is based on a mis-placement of the burdens in the case. Because "undue burden" is an affirmative defense, if the City does not discharge its burden to show a lack of material fact as to said defense, then the motion must be denied and the court need not consider what, if any, showing Mrs. Beckley has made. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir.1993). Here, Mrs. Beckley's claim is that the City is liable because the City has failed to make any accessibility accommodation for the intersection—her claim is not a demand for the specific accommodation of a curb-cut ramp. (See Complaint at 12). The City's Motion merely argues that one possible modification—curb-cut ramps—is not feasible. Showing that one potential accommodation is unduly burdensome is a far cry from discharging the affirmative burden to show that the City bears no liability for failing, overall, to make the intersection accessible.

So, even if the Court does not consider the publications for the truth of the matters they assert, the Court may nonetheless take judicial notice of them merely for the proposition that there do exist, in the world of accessible design, alternatives to curb-cuts for sidewalk accessibility.

For these reasons, and those originally set forth in Mrs. Beckley's brief opposing the City's summary judgment motion, Mrs. Beckley respectfully requests that the motion be denied.

Respectfully submitted, this June 6, 2017.

*/s/ James Radford*
James Radford
Georgia Bar No. 108007


Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0302
james@decaturlegal.com
*Counsel for Plaintiff*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES**

This pleading was written in Century Schoolbook 13-point font in compliance with the local rules for the U.S. District Court for the Northern District of Georgia.

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that I have this day served upon the attorneys of record the foregoing pleading by filing same with the Court's CM/ECF system.

Respectfully submitted, this June 6, 2017

/s/ James Radford
James Radford
Georgia Bar No. 108007